**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Patrick M. Vigneau

    v.                                            Case No. 18-cv-392-JL

Pamela C. Pedersen, MD et al.[1]

**REPORT AND RECOMMENDATION**

Patrick M. Vigneau, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a complaint (Doc. No. 1) against several FCI Berlin officials and employees and four outside medical professionals related to treatment he received after injuring his elbow in April 2016. The matter is here for preliminary review to determine, among other things, whether the complaint asserts any claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(a); LR 4.3(d)(1).

---

[1]The plaintiff names the following defendants in his complaint: Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin") physician Pamela C. Pedersen, MD; FCI Berlin Health Services Administrator J. Elmore; FCI Berlin Health Services Specialist Bradford Malcolm; FCI Berlin Warden Robert Hazelwood; FCI Berlin Physician's Assistant L. Christensen; FCI Berlin Health Services Department Clinical Director Kevin Pigos; FCI Berlin Nurses Ed Ingersoll, Alissa Berrymann, and Christine Larin; FCI Berlin physician Maurice Yu, MD; John Eric Bell, MD; Daniel C. Austin, MD; Harry C. Stearns III, MD; Jay Solorio, MD; and two unnamed FCI Berlin corrections officers, identified in the complaint as John Doe #1 and John Doe #2.

**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1); see also 28 U.S.C. §§ 1915(e)(2), 1915A. In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, so construed, stripped of legal conclusions, and with all reasonable inferences drawn in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court may dismiss the complaint if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).

**Background**

Vigneau's complaint contains extensive and detailed factual allegations, which the court need not reproduce here. See Doc. No. 1 ¶¶ 21-130. Broadly speaking, Vigneau alleges that he broke a bone and tore a tendon in his elbow on April 8, 2016, when he fell while playing handball. Vigneau asserts that if timely treated, the bone and tendon could have been reattached

in a relatively minor surgical procedure.  But according to Vigneau, FCI Berlin officials repeatedly failed to provide him with diagnostic testing or schedule a consultation with an orthopedic surgeon, resulting in a five-month delay before he finally received surgery.  Vigneau alleges that due to this delay, the surgery was much more complicated than it otherwise would have been, ultimately requiring the surgeon to remove the fractured bone and reattach the tendon in a different place.

Vigneau also claims that both during the delay and after the surgery, FCI Berlin officials repeatedly refused to prescribe or provide him with pain medication sufficient to treat his severe pain.  He alleges that FCI Berlin officials misreported his pain levels in treatment notes and on multiple occasions changed his priority level from "urgent" to "routine" despite the severity of his injuries and pain.

Vigneau further asserts that on April 29, 2016, two unnamed FCI Berlin officers, identified in the complaint as John Doe #1 and John Doe #2, restrained him in a way that caused him extreme pain due to his injuries while transporting him to a medical appointment at A.V.H. Surgical Associates and refused to remove the restraints even when a consulting doctor requested that they do so in order to facilitate diagnostic testing.  As a result, he alleges, the doctor was unable to examine him on that date.

3

Vigneau alleges that he filed multiple administrative complaints related to his treatment. Each complaint was denied on the stated basis of the pertinent administrative official that Vigneau was receiving adequate treatment.

## Discussion

I. Asserted Claims

Though framed as nine different counts, Vigneau's complaint contains five general categories of claims. The court finds that, invoking Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Vigneau has asserted the following claims for relief:

> 1. FCI Medical Department Personnel Dr. Pamela C. Pedersen, J. Elmore, Bradford Malcolm, Nurse Ed Ingersoll, Nurse Alissa Berryman, Nurse Christine Larin, Physician's Assistant L. Christensen, Kevin Pigos, and Dr. Maurice Yu, and FCI Berlin Warden Robert Hazelwood, violated Vigneau's Eighth Amendment rights by acting with deliberate indifference in failing to provide him with adequate medical treatment for his serious medical needs, specifically, a severe injury to his elbow and the pain resulting therefrom, in that those defendants:
>
> > A. ignored or inadequately treated his urgent medical needs in the months following his elbow injury;
> >
> > B. failed to provide Vigneau with timely surgery after Vigneau's injury by delaying surgery for five months, resulting in Vigneau needing more extensive surgery than would otherwise have been required, and in Vigneau experiencing excessive severe pain;
> >
> > C. interfered with Vigneau's receipt of outside medical providers' prescribed treatment; and

4

      D.    Pedersen and Hazelwood denied Vigneau proper medication to address his pain.

2.    FCI Berlin corrections officers John Doe #1 and John Doe #2 restrained Vigneau and refused to remove his restraints during an appointment with a consulting physician, causing Vigneau extreme pain and preventing the physician from examining Vigneau, in violation of Vigneau's Eighth Amendment rights:

      A.    not to be subjected to excessive force; and

      B.    to receive adequate medical care during his incarceration.

3.    Non-FCI Berlin Drs. Harry C. Stearns III, Jay Solorio, John-Erik Bell, and Daniel C. Austin violated Vigneau's Eighth Amendment right to receive adequate medical care during his incarceration.

4.    Defendants Pedersen, Elmore, Malcolm, Hazelwood, Ingersoll, Christensen, Pigos, Berryman, Larin, subjected Vigneau to the intentional infliction of emotional distress.

5.    All of the defendants conspired to violate Vigneau's Eighth Amendment rights.

## II.  Official Capacity Claims

As an initial matter, Vigneau names all of the defendants in this case in both their official and individual capacities. But the bulk of Vigneau's claims are Eighth Amendment claims brought under Bivens, and the First Circuit has held that a Bivens action "only may be brought against federal officials in their individual capacities." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Accordingly, the district judge should dismiss Vigneau's Eighth Amendment Bivens claims brought against the defendants in their official capacities.

5

III. <u>Eighth Amendment Claims Against FCI Berlin Medical Department Employees (Claim 1(A)-1(D))</u>

Vigneau alleges that the medical care he received following his injury violated his Eighth Amendment rights, as it failed to adequately address his serious elbow injury and severe pain. The Eighth Amendment requires that prison officials "provide 'humane conditions of confinement,' including adequate medical care." <u>Leite v. Bergeron</u>, 911 F.3d 47, 52 (1st Cir. 2018) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)).

> [A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation [of care] alleged must be, objectively, "sufficiently serious."  For claims based on inadequate medical care, [a] medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  Second, a prison official must have a sufficiently culpable state of mind such that the official shows "deliberate indifference" to inmate health or safety.  A prison official is deliberately indifferent where she knows of and disregards an excessive risk to inmate health or safety.  This requirement is subjective.

Leite, 911 F.3d at 52. (other quotation marks and citations omitted).

Vigneau has alleged sufficient facts to warrant service of the claim identified above as Claim 1, with subparts, on defendants Pedersen, Elmore, Malcolm, Hazelwood, Ingersoll, Christensen, Pigos, Berrymann, Larin, and Yu in their individual capacities.  In an Order issued simultaneously with this Report

6

and Recommendation ("R&R"), the court directs service of the complaint on those defendants.

IV. Eighth Amendment Claims Against John Doe Officers

A. Denial of Medical Care (Claim 2(A)

Vigneau alleges that the two John Doe officers violated the Eighth Amendment by failing to remove his restraints, which denied him necessary medical care as the physician could not examine him. Vigneau's complaint contains sufficient facts to warrant service of Claim 2(A) on John Doe #1 and John Doe #2 in their individual capacities.

B. Excessive Force (Claim 2(B))

Vigneau has asserted a claim that the Doe officers' use of restraints while transporting Vigneau to an appointment with an outside medical provider and during that appointment constituted excessive force. "A use of force violates the Eighth Amendment when an officer subjects an inmate to unnecessary and wanton infliction of pain . . . which constitutes cruel and unusual punishment." Beaulieu v. N.H. Governor, No. 16-cv-471-JD, 2018 U.S. Dist. LEXIS 107964, at *27, 2018 WL 3193234, at *10 (D.N.H. June 28, 2018) (quotation marks omitted) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). "The test used is 'whether force was applied in a good faith effort to maintain or restore

7

discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Hudson, 503 U.S. at 6). Construing his complaint liberally, the court concludes that Vigneau has sufficiently alleged an Eighth Amendment excessive-force claim against the John Doe FCI Berlin officers to warrant service of Claim 2(B) on them. The court therefore directs service of that claim on the officers in their individual capacities in an Order issued simultaneously with this R&R.

V.   Claims Against Stearns, Solorio, Bell, and Austin (Claim 3)

Vigneau asserts Eighth Amendment claims, aggregated above as Claim 3, against defendants Stearns, Solorio, Bell, and Austin, outside medical professionals who provided Vigneau surgical consultations and, in the case of Bell and Austin, ultimately performed surgery on Vigneau. Vigneau alleges that these defendants violated the Eighth Amendment by failing to provide him with adequate medical treatment.

First, the court notes that it is far from clear that an outside medical provider who is not a federal employee can be subject to a Bivens claim.[2]  But even setting that issue aside,

---

[2]Though the Supreme Court has declined to extend Bivens to private entities acting under color of federal law, see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 665 (2001), it has not completely foreclosed the possibility that there are circumstances in which Bivens remedies are available against private individuals.  But see Minneci v. Pollard, 565 U.S. 118, 120 (2012) (declining to extend Bivens to claims against

8

Vigneau has not alleged facts demonstrating that any of these defendants were deliberately indifferent to his health or safety. See Leite, 911 F.3d at 52. The complaint does not state any facts indicating that the outside doctors caused Vigneau any harm or denied him necessary medical care. Accordingly, the district judge should dismiss Vigneau's Eighth Amendment claims against Stearns, Solorio, Bell, and Austin for failure to state a claim.

VI.    Intentional Infliction of Emotional Distress (Claim 4)

In Claim 4, Vigneau asserts a claim against Pedersen, Elmore, Malcolm, Hazelwood, Ingersoll, Christensen, Pigos, Berrymann, Larin, and Yu for intentional infliction of emotional distress ("IIED"). Though Vigneau asserts this claim under the Eighth Amendment, IIED claims in fact arise under state tort law. See Morancy v. Morancy, 134 N.H. 493, 495 (1991)

---

employees of a privately operated federal prison in part because state tort law provided adequate alternative remedies). At least one federal court of appeals has held Bivens claims are unavailable against private individuals. See Holz v. Terre Haute Reg'l Hosp., 123 F. App'x 712, 713 (7th Cir. 2005). Another declined to extend Bivens to claims against private individual actors when state-court remedies were available for the alleged harm. See O'Neil v. Anderson, 372 F. App'x 400, 404 (4th Cir. 2010). Another still implied that Bivens may extend to claims against private individuals when a plaintiff can allege a sufficient link between the individual and the government. Kulkarni v. Upasani, 659 F. App'x 937, 941 (9th Cir. 2016). It does not appear that the First Circuit has addressed this issue.

9

(recognizing intentional infliction of emotional distress as a New Hampshire common-law tort).  Moreover, any Eighth Amendment remedies sought through this claim are already subsumed in Vigneau's other Eighth Amendment claims against the same defendants.  See supra pp. 5-8.  The court accordingly construes Claim 4 as a state-law IIED claim.

All of the defendants named in Claim 4 are FCI Berlin officials.  This claim is accordingly subject to the requirements of the Federal Tort Claims ACT ("FTCA"), which governs tort claims against federal employees.  See Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014).  The FTCA serves as a limited waiver of sovereign immunity for torts committed by government employees acting within the scope of their employment.  See id.; see also 28 U.S.C. § 1346(b)(1).  But before a plaintiff may bring a claim under the FTCA, he must first exhaust his administrative remedies by presenting his claims to the appropriate administrative agency.  See 28 U.S.C. § 2675(a).  The First Circuit has held that "the FTCA's exhaustion requirement is . . . jurisdictional." Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006).  This means a federal court lacks subject-matter jurisdiction over an FTCA claim if it was not first presented for administrative review.

Vigneau does not allege anywhere in his complaint that he exhausted his administrative remedies by presenting his IIED

claim to the appropriate agency.[3]  Absent such an allegation, this court lacks jurisdiction to consider the tort claims asserted.  Accordingly, the district judge should dismiss the Claim 4 for lack of jurisdiction, without prejudice to Vigneau seeking leave to amend his complaint to assert specific facts that, when taken as true, demonstrate that exhaustion has occurred.[4]

VII. Conspiracy (Claim 5)

In Claim 5, Vigneau alleges that the defendants engaged in a conspiracy to violate his constitutional rights.  To prevail on a conspiracy claim, both federal and state law require a plaintiff to demonstrate, among other things, that an agreement existed to inflict some harm upon him.  See Earle v. Benoit, 850

---

[3]Vigneau does include a section in his complaint entitled "Exhaustion of Administrative Remedies."  Doc. No. 1 at 20.  But in that section, Vigneau only alleges that he filed internal administrative complaints related to the medical treatment he was then receiving at FCI Berlin, not that he ever presented an IIED claim or other tort claim to the appropriate administrative agency as required by the FTCA.  Thus, even when construed liberally, this section does not support an inference that Vigneau exhausted his remedies as to his IIED claim.  Vigneau's discussion of his administrative complaints elsewhere in his pleading reaffirms this conclusion.  See id. ¶¶ 69, 70, 71, 74, 75, 76, 77, 102, 103, 104, 129, 130.

[4]Though his complaint contains considerable detail about the medical treatment he received following his injury, Vigneau does not seek to bring a claim for medical malpractice.  Any such claim would likewise be subject to the FTCA's exhaustion requirements to the extent it was brought against a federal employee.  See Sanchez, 740 F.3d at 50.

F.2d 836, 844 (1st Cir. 1988); Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987). Though Vigneau's complaint contains conclusory allegations that the defendants agreed to deprive him of adequate medical care, see Doc. No. 1 ¶ 184, these allegations are pure legal conclusions that the court does not assume true for the purposes of its analysis. See Iqbal, 556 U.S. at 678. The complaint otherwise does not contain any facts from which the court may reasonably infer that any of the defendants entered into an agreement to harm Vigneau. Accordingly, the district judge should dismiss Claim 5 for failure to state a claim.

## Conclusion

For the foregoing reasons, the court recommends that the district judge:

- dismiss Vigneau's Eighth Amendment Bivens claims to the extent brought against the defendants in their official capacities;

- dismiss Vigneau's Eighth Amendment claims against Stearns, Solorio, Bell, and Austin for failure to state a claim;

- dismiss Vigneau's IIED claim for lack of jurisdiction; and

- dismiss Vigneau's conspiracy claim for failure to state a claim.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R.

Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                                    _____
                                                    Andrea K. Johnstone
                                                    United States Magistrate Judge

March 26, 2019

cc: Patrick M. Vigneau, pro se