UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Patrick M. Vigneau

          v.                              Case No. 18-cv-392-JL

Pamela C. Pedersen, M.D. et al.[1]

### REPORT AND RECOMMENDATION

          Patrick M. Vigneau, an inmate at the Federal Correctional

Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a

complaint (Doc. No. 1), pursuant to Bivens v. Six Unknown Fed.

Narcotics Agents, 403 U.S. 388 (1971), against several FCI

Berlin employees and four outside medical professionals, related

to treatment he received at FCI Berlin after injuring his elbow

in April 2016.  Before the court is defendants John Doe #1 and

John Doe #2's motion for summary judgment (Doc. No. 22),

asserting that Vigneau failed to exhaust his administrative

remedies concerning the events that form the basis of his claims

against them.  Vigneau objects (Doc. No. 23) and the defendants

---

[1]The remaining defendants in this action are: Federal
Correctional Institution, Berlin, New Hampshire ("FCI Berlin")
physician Pamela C. Pedersen, MD; FCI Berlin Health Services
Administrator J. Elmore; FCI Berlin Health Services Specialist
Bradford Malcolm; FCI Berlin Warden Robert Hazelwood; FCI Berlin
Physician's Assistant L. Christensen; FCI Berlin Health Services
Department Clinical Director Kevin Pigos; FCI Berlin Nurses Ed
Ingersoll, Alissa Berrymann, and Christine Larin; FCI Berlin
physician Maurice Yu, MD; and two unnamed FCI Berlin corrections
officers, identified in the complaint as John Doe #1 and John
Doe #2.

have replied (Doc. No. 26).  The summary judgment motion has been referred to the undersigned magistrate judge for a Report and Recommendation.  See LR 72.1.  For the reasons that follow, the district judge should grant in part and deny in part the defendants' motion.

## Summary Judgment Standard

"Summary judgment is warranted if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Luceus v. Rhode Island, 923 F.3d 255, 256-57 (1st Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). Where the party moving for summary judgment bears the burden of proof on an issue, that party "must provide evidence sufficient for the court to hold that no reasonable trier of fact could find other than in its favor."  Am. Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 75 (1st Cir. 2008); see also Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez, 659 F.3d 42, 50 (1st Cir. 2011) (once defendant moving for summary judgment on affirmative defense produces "conclusive evidence" to establish defense, burden shifts to plaintiff to show that defense does not apply).

As to issues on which the nonmoving party bears the burden of proof, the party moving for summary judgment must first identify the portions of the record that show the absence of any genuine issue of material fact; then the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably resolve that issue in the nonmoving party's favor. Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016). The nonmoving party's failure to make the requisite showing as to issues upon which it bears the burden of proof, by reference to materials of evidentiary quality, "entitles the moving party to summary judgment." Id.

## Background

### I. Facts Underlying Claims

Vigneau alleges that he broke a bone and tore a tendon in his elbow on April 8, 2016, when he fell while playing handball during his incarceration at FCI Berlin. He asserts that if timely treated, the bone and tendon could have been reattached in a relatively minor surgical procedure. According to Vigneau, however, FCI Berlin officials repeatedly failed to provide him with diagnostic testing or schedule a consultation with an orthopedic surgeon, resulting in a five-month delay before he finally received surgery. Vigneau alleges that due to this delay, the surgery was much more complicated than it otherwise

would have been, ultimately requiring the surgeon to remove the fractured bone and reattach the tendon in a different place.

Vigneau also claims that both during the delay and after the surgery, FCI Berlin officials repeatedly refused to prescribe or provide him with pain medication sufficient to treat his severe pain. He alleges that FCI Berlin officials misreported his pain levels in treatment notes and on multiple occasions changed his priority level from "urgent" to "routine" despite the severity of his injuries and pain.

As particularly relevant to the pending motion, Vigneau further asserts that on April 29, 2016, two unnamed FCI Berlin officers, identified in the complaint as John Doe #1 and John Doe #2, restrained him in a way that caused him extreme pain due to his injuries while transporting him to a medical appointment and refused to remove the restraints even when a consulting doctor requested that they do so in order to facilitate diagnostic testing. As a result, he alleges, the doctor was unable to examine him on that date.

Vigneau filed multiple administrative complaints related to his treatment. Each of those complaints was denied on the basis that Vigneau was receiving adequate treatment.

## II.  Claims Asserted Against Doe Defendants

The court has construed Vigneau's complaint to assert the following claims for relief against defendants John Doe #1 and John Doe #2:

> 2.  FCI Berlin corrections officers John Doe #1 and John Doe #2 restrained Vigneau and refused to remove his restraints during an appointment with a consulting physician, causing Vigneau extreme pain and preventing the physician from examining Vigneau, in violation of Vigneau's Eighth Amendment rights:
>
> > A. not to be subjected to excessive force; and
> >
> > B. to receive adequate medical care during his incarceration.

Mar. 26, 2019 Report and Recommendation (Doc. No. 7) (Mar. 26 R&R"), at 5 (numeration of claims in original).  Defendants John Doe #1 and John Doe #2 now assert that they are entitled to summary judgment as to those claims because Vigneau failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## **Discussion**

## I. Exhaustion

According to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42
U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies
to Bivens actions. See Porter v. Nussle, 534 U.S. 516, 524
(2002). Claims for which administrative remedies have not
been exhausted are subject to dismissal. See Medina–Claudio
v. Rodríguez–Mateo, 292 F.3d 31, 36 (1st Cir. 2002).
"[F]ailure to exhaust is an affirmative defense under the
PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007); see also
Ramos v. Patnaude, 640 F.3d 485, 488 (1st Cir. 2012). As
such, it "must be raised and proved by the defense." Cruz
Bérrios v. González–Rosario, 630 F.3d 7, 11 (1st Cir. 2010)
(citing Jones, 549 U.S. at 216). Finally, "the PLRA's
exhaustion requirement applies to all inmate suits about
prison life, whether they involve general circumstances or
particular episodes, and whether they allege excessive force
or some other wrong." Porter, 534 U.S. at 532; see also Cruz
Berríos, 630 F.3d at 11.

     Whether an inmate has properly exhausted available
remedies may be resolved on summary judgment. See Albino v.
Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).
Defendants bear the initial burden of showing that plaintiff
failed to exhaust properly all generally available
administrative remedies. See id. Then "the burden shifts to
the prisoner to come forward with evidence showing that there

6

is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  The ultimate burden of persuasion remains with the defendant.  See id.

To prevail on an affirmative defense of failure to exhaust at summary judgment, "the defendant must show that no reasonable jury could find that [the plaintiff] exhausted the administrative remedies available to him before commencing [his] action." Polansky v. McCoole, No. 13-cv-458-JL, 2016 U.S. Dist. LEXIS 6476, at *8, 2016 WL 237096, at *3 (D.N.H. Jan. 20, 2016).

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006) (citation omitted).

A prisoner, however, is only required to exhaust those administrative remedies "available" to him or her. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).  Circumstances in which a remedy may be considered unavailable include when "it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates," id. at 1859; when prison officials "thwart inmates from taking

advantage of a grievance process through machination, misrepresentation, or intimidation," id. at 1860; and when "rules are 'so confusing that . . . no reasonable prisoner can use them,'" id. at 1859 (citations omitted).  Ultimately, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  Id. at 1859 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).

In his complaint (Doc. No. 1), Vigneau identifies the Doe defendants as Bureau of Prison officers "responsible for ensuring [his] safety and well-being . . . ."  Id. ¶¶ 18-19. He alleges that the Doe defendants caused him "extreme pain" when they transported him to a medical appointment on April 29, 2016, in a belly chain, handcuffs, and black-box,[2] which "put[] tremendous strain on [Vigneau's] wrist and elbow that was broken."  Id. ¶¶ 61-62.  Vigneau also claims that the Doe defendants refused to remove his restraints during the medical appointment, thereby rendering a physical examination of his elbow impossible.  Id.  ¶¶ 161-67.  Vigneau asserts that this

---

[2]A "black box" is a plastic device that attaches to handcuffs and blocks the keyholes to make escape more difficult. McMann v. Cent. Falls Det. Facility Corp., No. CIV.A. 12-12294-NMG, 2014 U.S. Dist. LEXIS 34429, at *2,2014 WL 1051145, at *1 (D. Mass. Mar. 17, 2014).

conduct violated his Eighth Amendment right to be free from
cruel and unusual punishment.  Id.

The parties agree that FCI Berlin's Administrative Remedy
Program, codified at 28 C.F.R. § 542, Subpart B, is the means
by which a federal inmate may seek review of an issue relating
to any aspect of confinement.  See Decl. of Cheryl Magnusson,
(Doc. No. 22-2) ¶ 4.  As relevant here, the program requires
an inmate to first attempt informal resolution of a complaint
with institutional staff.  Id.  If the inmate's informal
resolution is unsuccessful, he must file a written complaint
with the institutional staff.  Id.  If the inmate is
dissatisfied with the response, he must submit an appeal on
the appropriate form to the Regional Director.  Id.  If
dissatisfied with the Regional Director's response, the inmate
must then submit an appeal on the appropriate form to the
BOP's Office of General Counsel ("OGC").  Id.  Appeal to OGC
is the final step in the administrative grievance process.

Relying on records of Vigneau's written complaints filed
with the FCI Berlin Warden, the BOP's Regional Office and OGC,
the Doe defendants do not dispute that Vigneau has exhausted
his claims with respect to scheduling an MRI, the availability
of appropriate medications to address his injury, and the
timing of surgery.  Defs'. Mem. (Doc. No. 22-1) at 5;
Grievance Records (Doc. Nos 22-3, 22-4, 22-5).  Defendants

argue, however, that the same forms lack any mention of
Vigneau's claim that the Doe defendants violated his rights in
any way.  Id.  The Doe defendants are correct that Vigneau's
written administrative complaints lack any complaints against
them for either preventing his treatment or for excessive
force.  But in a sworn affidavit accompanying his objection to
defendants' motion, Vigneau states that he "addressed the
black boxing of my broken arm . . . with Warden Hazelwood .
. . [who] assured me it would not happen to me again and it
did not."  Aff. Of Patrick M. Vigneau (Doc. No. 23-1) ¶ 5.
Vigneau asserts that the Warden's informal resolution of
Vigneau's complaint -- to Vigneau's satisfaction -- obviated
the need for administrative appeal.  Id.

     In their reply (Doc. No. 26), the defendants address only
the "preventing treatment" claim (No. 2(B)), reiterating the
absence of any such claim in BOP administrative grievance
records.  The defendants do not, however, address Vigneau's
assertion that the excessive force claim (identified above and
in the Mar. 26 R&R as Claim 2(A)), was resolved informally,
nor do they address whether such informal resolution
constitutes a basis for excepting Vigneau from the general
requirement of seeking further relief through the
administrative grievance process, thereby satisfying Vigneau's
exhaustion obligation.

With respect to Vigneau's "preventing treatment" claim
(identified above and in the Mar. 26 R&R as Claim 2(B)) the
court is persuaded that no reasonable juror could find that
Vigneau exhausted his available administrative remedies.  The
only reference to the Doe defendants in the administrative
grievances Vigneau completed is that on April 29, 2016, a
surgeon asked them for the location of an MRI ordered three
days earlier and  "both officers stated they did not know."
Pltf. Reply (Doc. No. 26), at 1 (excerpting Vigneau's May 25,
2016 grievance form).  This bare assertion did not "afford
corrections officials time and opportunity to address [his]
complaints internally."  Porter, 534 U.S. at 525.
Accordingly, the defendants are entitled to summary judgment
as to claim 2 (B) – that the Doe defendants prevented Vigneau
from receiving adequate medical care.  See Mar. 26 R&R at 5.

    The Doe defendants are not, however, entitled to summary
judgment on Vigneau's excessive force claim (Claim 2(A)).
Vigneau's declaration suggests that he obtained favorable
relief at the informal resolution stage when the Warden
assured him that he would not be "black boxed" during his next
medical transport, a factual assertion the defendants have not
disputed.  Although the First Circuit Court of Appeals has not
weighed in on the question, several Courts of Appeals have
held that "exhaustion" does not include appealing favorable

decisions.  See Q.F. v. Daniel, 768 F. App'x 935, 942 (11th
Cir. 2019) (citing cases).  As the Q.F. court noted, such a
conclusion is consistent with the Supreme Court's observation
that the adjective "'available' [in the PLRA] requires the
possibility of some relief for the action complained of," so
that "exhaustion is [not] required where the relevant
administrative procedure lacks authority to provide any relief
. . . in response to a complaint."  Id. at 942 (quoting Booth,
532 U.S. at 738-39); see Harvey v. Jordan, 605 F.3d 681, 685
(9th Cir. 2010) ("An inmate has no obligation to appeal from a
grant of relief, or a partial grant that satisfies him, in
order to exhaust his administrative remedies.").

      Here, the undisputed evidence demonstrates that Vigneau
made an informal grievance to Warden Hazelwood which resulted
in Vigneau receiving favorable relief.  Vigneau was not,
therefore, required to further exhaust that claim through the
BOP's administrative grievance process, as he had already
obtained all of the relief he could as to his "black box"
complaint.  Accordingly, the court finds that defendants have
not met their burden to demonstrate that Vigneau failed to
exhaust the administrative grievance procedures available to
him as to that claim (Claim 2(A)).  Defendants' summary
judgment motion (doc. no. 25), therefore, should be denied as
to that claim, without prejudice to defendants' ability to

seek summary judgment on any other appropriate basis, in
accordance with the deadlines set by the court in this matter.

### Conclusion

For the foregoing reasons, it is recommended that the
district judge GRANT IN PART the Doe defendants' motion for
summary judgment (Doc. No. 22) for failure to exhaust
administrative remedies only with respect to Claim 2(B)
(preventing plaintiff from receiving adequate medical care); and
otherwise DENY the motion, with respect to Claim 2(A) (excessive
force).

Any objections to this Report and Recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.
R. Civ. P. 72(b)(2).  The fourteen-day period may be extended
upon motion.  Failure to file objections within the specified
time waives the right to appeal the district court's order.  See
Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir.
2016).

Andrea K. Johnstone
United States Magistrate Judge

March 2, 2020

cc:  Terry L. Ollila, AUSA
     Patrick M. Vigneau, pro se